East'n. District.
*March* 1825.

CHADWICK
*vs.*
WATERS.

Services ren-
dered by the
plaintiff for the
defendant, on
board of his
steamboat, can-
not be connect-
ed with those
rendered on
board another
boat, in which
he had interest,
in order to re-
pel the plea of
prescription as
to former ser-
vices.

3ns432
50 1280

*CHADWICK* vs. *WATERS.*

APPEAL from the court of probates of the parish and city of New-Orleans.

MARTIN, J. delivered the opinion of the court. The plaintiff claims from the estate of the defendant's husband, $999 91, the balance of an account for blacksmith's work performed in New-Orleans and on the Mississippi, from June 1, 1820, until October 7, 1822, at $40 per month; and for posterior services as an engineer on board the steamboats Neptune, and Alexandria, during two years, one month and two days, at $50 per month.

The defendant pleaded the general issue. prescription, that the plaintiff's services were not worth what he charges, and he has been fully paid for what he has earned.

The plaintiff had judgment for $81 66, and appealed, and the defendants allege there was error in the judgment to their disadvantage.

Kimball, a witness for the plaintiff, deposed the latter did some blacksmith work on the machinery of the Neptune before she commenced running, when the witness went to New-York, and returning in February or March, 1821, found the plaintiff on board of the boat, on

lake Ponchartrain. He understood from the deceased and the plaintiff, that the latter had been in the employ of the former sometime in June, 1820. By Waters' directions, the witness employed the plaintiff as an engineer on board of the Alexandria, at the rate of $40 per month; the witness being master, and Waters part owner and agent, for his co-owners of the Alexandria. The plaintiff remained on board till the balance of his account amounted to $400, which sum, with his consent, the witness paid Waters, and the plaintiff received an order on the latter for it.

The witness afterwards saw the plaintiff deliver, in Alexandria, this order to Waters, who promised to pay him the amount of it in New-Orleans.

The witness was at Waters' in New-Orleans, the day before he died; the plaintiff came in and asked for the money. Waters paid him $50, and Sarah, wrote a receipt on account, which the plaintiff subscribed, and Waters promised to pay the balance when he would get better.

On his cross examination the witness added the plaintiff gave a receipt to the boat for all the wages due him.

Deacon, another witness for the plaintiff, deposed, he has known him employed on board of the Neptune, on the Mississippi, in September, 1820; that she went round to lake Pontchartrain, he frequently saw him on board at the basin, and the plaintiff continued on board, after she returned to the Mississippi, until he got sick. He appeared to act as her engineer. Engineers receive from 40 to a $100 per month. The plaintiff continued in Water's employ till June, 1821; and excepting the time of his sickness, he was on board till the summer before Waters' death.

Wreaband, another witness of the plaintiff, deposed, the plaintiff did black-smith work for Waters, on shore, before he went on board of the Neptune. He worked very near two months at one dollar a day, in the summer of 1820. He began to act as an engineer on board of the Neptune, in September, 1820, in the room of the witness, who had sixty dollars a month. To the witness's knowledge, his services as such, were continued till next summer, when the witness left the country. On the witness's return in March 1822, the plaintiff was on board of the Alexandria, and continued in her until August, in the same capacity.

Allen, another witness for the plaintiff, deposed he was, during five months, a sailor of the Alexandria, in 1822. In the latter part of that year, he thinks in September, the plaintiff applied to Waters with a note the captain had given him for his wages, and was answered, he would be paid when Waters came to New-Orleans. The plaintiff was then sick, and entrusted the note to Waters, in the presence of the witness. Waters observed, in a *romancing* way, that if the plaintiff died, the amount of the note or order would come to him. The plaintiff then came down, and made another trip in the boat, and left her some time in October, 1822, on account of sickness.

The defendant's counsel objected to all the above testimony, so far as it went to establish any liability for said note, or any sum or cause not stated in the petition; and it was received with this exception.

On the part of the defendant, two receipts of the plaintiff.

The first, of March 6, 1823, for $50, from Waters, without stating any thing as to the debt on which the payment is made.

The second, of July 23d, 1823, for $536, 37 cents, from Kimball, in full for all services, as engineer of the Alexandria, up to the date.

East'n. District.
*March* 1825.

Chadwick
*vs.*
Waters & al.

An entry on the books of the Alexandria by Smith, whose hand-writing and absence out of the state, were proven. This entry states, that the plaintiff's account with the boat is balanced up to Oct. 10, 1822.

The receipts were proven, and it is shewn Waters died during the night between the 15th and 16th of March, 1823.

The defendant's counsel urges, that the judge of probates erred in giving judgment against Waters' estate, for the whole claim of the plaintiff's against the boats, while he was a partner only—that the claim against the Neptune is barred by prescription, and that against the Alexandria is proven to have been paid.

The claim for services performed on board of the Neptune, and previous to her beginning her first trip, is clearly barred by prescription; the last of the services ended on the 8th of August, 1821, and the present suit was instituted on the 6th of August, 1823, upwards of two years after.

The case is not taken out of prescription by any partial payment, or continuation of the claim; for the first item on the credit side that is proven, is for $50—on the 6th of March, 1823, when the services of the plaintiff on board

of the Alexandria had begun, and prescription had destroyed the plaintiff's right to sue for the services on board of the Neptune and ashore. *Civ. Code*, 488, *art.* 7.

The services of the plaintiff on board of the Alexandria cannot be connected with those on board of the Neptune. The latter were rendered to Waters, in his own right, in a boat of which he was the sole owner. These rendered on board of the Alexandria, were rendered to, and must be paid by a company, of which Waters was the agent, and in which he was concerned for a part only. These services appear to have been satisfied, according to the plaintiff's receipt, or for the greater part, and entirely, if we give credit to the entry on the boat's books, which the plaintiffs counsel suffered to be read, without any objection.

If the defendants' counsel had suffered the plaintiff's testimony to be received and acted on, without objection, we might find in the facts which relate to the note or order, the trust placed by the plaintiff in Waters, to keep his note, or order, his promise to pay at New-Orleans, his subsequent partial payment, and renewed promise for the balance, evidence of a remaining obligation; but this parol evidence,

Eas'n. District.
*March* 1825.

CHADWICK
*vs.*
WATERS.

under the pleadings, could not be received for the purpose of destroying the effect of the written evidence, under the plaintiff's hands, of his having been paid, nor as evidence of a new contract or obligation to pay, resulting from the trust reposed by the plaintiff in Waters; because this new contract was not alleged in the petition.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be annulled, avoided and reversed, and that there be judgment for the defendant as in a case of non suit, and that the appellee pay costs in both courts.

*Preston* and *McCaleb* for the plaintiff, *Hennen* for the defendant.